IN THE COURT OF CRIMINAL APPEALS
OF TEXAS
 


NO. WR-80,097-01




EX PARTE BENNY LEE MONTGOMERY, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. CR34858 IN THE 238TH DISTRICT COURT
FROM MIDLAND COUNTY




            Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of
cocaine and sentenced to twenty years’ imprisonment. The Eleventh Court of Appeals affirmed his
conviction. Montgomery v. State, No. 11-09-00253-CR (Tex. App.—Eastland Nov. 18, 2010)
(unpublished). 
            Applicant contends that his appellate counsel rendered ineffective assistance because counsel
first told him he would pursue discretionary review, but did not advise him that he later decided not
to file a petition for discretionary review as a matter of strategy.
            The trial court made findings of fact and conclusions of law, deciding that counsel was not
ineffective because his decision not to pursue discretionary review was strategic. Applicant has
alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 668 (1984);
Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these circumstances, additional facts
are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court shall order appellate counsel to
respond to Applicant’s claim of ineffective assistance of counsel on appeal. The trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether Applicant’s
appellate counsel advised Applicant of his strategy before forfeiting Applicant’s right to pursue
discretionary review. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus
relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: October 9, 2013
Do not publish